**SEND / ENTER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL AZOIANI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC. and LOVE'S COUNTRY STORES OF CALIFORNIA, and DOES 1-10,<br><br>Defendants. | CASE NO. EDCV 07-90 ODW (OPx)<br><br>ORDER DENYING CLASS CERTIFICATION |

## I. INTRODUCTION

This Motion for Class Certification arises out of Michael Azoiani's ("Plaintiff") claim that Defendants Love's Travel Stops and Country Stores, Inc. ("Love's") willfully violated consumers' rights under the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff, individually and on behalf of all others similarly situated, alleges Love's violated FACTA by failing to excise expiration dates from credit and debit card receipts, as required by 15 U.S.C. §1681c(g).

Plaintiff now moves to certify a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Love's contests Plaintiff's arguments with respect to the requirements of Rule 23(a) and argues the action should not proceed in class form because, among other things, the possible statutory recovery by the prospective class would be so great (and

disproportionate to the harm suffered) as to violate Love's due process rights. Such a violation, Love's adds, prevents Plaintiff from meeting the superiority requirement of Rule 23(b)(3). Plaintiff argues there is no violation of due process and that the superiority requirement of Rule 23(b)(3) is satisfied.

Having considered the papers and evidence presented in support of and in opposition to the instant motion, as well as the arguments advanced by counsel at the hearing, Plaintiff's Motion for Class Certification is hereby DENIED.

## II. BACKGROUND

### A. Statutory Scheme

In 2003, Congress passed 15 U.S.C. §1681c(g), a provision of FACTA, as an amendment to the Fair Credit Reporting Act ("FCRA"). This provision gives consumers "the right to receive receipts containing no more than the last five digits of their credit or debit card number and omitting the expiration date." 15 U.S.C. §1681c(g). For purposes of the present action, the statute became effective on December 4, 2006. *Id.*

Upon proof that a defendant willfully violated FCRA, which includes FACTA, a consumer may recover actual damages caused by the violation *or* statutory damages of not less than $100 and not more than $1,000, such amount of punitive damages as the Court may allow, and costs and attorneys' fees as determined by the Court. 15 U.S.C. §1681n.

### B. Plaintiff's Allegations

Plaintiff alleges that on January 10, 2007, he made a credit card purchase at one of Love's stores and was provided with a receipt displaying the expiration date of his credit card, in violation of FACTA. Plaintiff commenced this action on January 23, 2007 pursuant to Federal Rule of Civil Procedure 23(b)(3) on his own behalf, and on behalf of similarly situated individuals who received similar receipts from Love's.

Plaintiff alleges that Love's willfully violated FACTA because it knew or recklessly disregarded the fact that its cash registers did not comply with the law, and that its printing of prohibited information on customers' receipts exposed its customers to increased risk

of identity theft. Plaintiff does not allege any actual damages in this case, seeking statutory damages instead. Accordingly, Plaintiff alleges that he and each of the putative class members are entitled to monetary relief under 15 U.S.C. § 1681n(a)(1) of not less than $100 and not more than $1,000 for each violation.

C. The Proposed Class

Plaintiff proposes the following class definition:

> All individuals in the United States of America who, on or after December 4, 2006, were provided at the point of a sale or transaction with an electronically-printed receipts by Love's on which Love's printed more than the last five digits of the person's credit card or debit card number, or on which Love's printed the expiration date of the person's credit or debit card. (The "Plaintiff Class") (Complaint ¶ 16).

## III. DISCUSSION

### A. Legal Standard for Class Actions

Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis. *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing *Crown, Cork & Seal Co. v. Parking*, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 ("Rule 23") governs class actions.

First, Plaintiff must satisfy the requirements of Rule 23(a), namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Second, a class is maintainable under Rule 23(b)(3) – the section relied upon by Plaintiff – where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added).

### B. Requirements Under Rule 23(a)

While Defendant Love's addresses all of the Rule 23(a) factors in its Opposition, the Court finds the "adequacy of representation" argument most telling. One of the criteria for adequacy of representation is the "zeal and competence of the coursel and party who wish

3

to prosecute the action." *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). A plaintiff is an inadequate class representative where he is "so unfamiliar with the case that he will not serve the necessary role of check[ing] the otherwise unfettered discretion of counsel in prosecuting the suit." *Welling v. Axley*, 155 F.R.D. 654, 659 (N.D. Cal. 1994) (internal citations omitted).

Here, Defendant argues that Plaintiff's deposition testimony establishes that not only has he ceded all control to his counsel, but also that he had very little knowledge of the case to begin with. Allegedly, Plaintiff readily admitted that all he has done is traveled 140 miles to fetch a Love's receipt in order to give it to his attorney. In short, Defendant argues that Plaintiff has "done nothing to monitor this lawyer-driven litigation." (Opp'n at p.1.) Defendant has cited strong evidence that supports its contention, and the Court agrees, that Plaintiff has not established that he is an adequate representative for the class he seeks to certify.

  B. Rule 23(b)(3):  Class Action is Not the Superior Method of Adjudication

The factors pertinent to the superiority inquiry include (but are not limited to): "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3); *see also Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) ("In determining superiority, courts must consider the four factors of Rule 23(b)(3)").

    1. Interest of the Class in Individually Controlling the Prosecution of Separate Actions

As the Ninth Circuit has noted, "[w]here damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *Zinser*, 253 F.3d at 1190. Because the putative class members in this case stand to recover between

$100 and $1000 each, it would seem that this factor weighs in favor of certifying a class. In that regard, Plaintiff submits that class members would choose not to pursue their claims individually because it would be too difficult, expensive, and disproportionate to any harm suffered. (Mot. at 10-11.) However, because FACTA provides attorneys' fees for willful violations, such that individual plaintiffs may be able to pursue their claims with little or no economic hindrance, the persuasiveness of Plaintiff's argument is diminished.

### 2. Extent and Nature of Any Litigation Concerning the Controversy Already Commenced By Members of the Class

As the Ninth Circuit noted, "the existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action. Rather than allowing the class action to go forward, the court may encourage the class members who have instituted the Rule 23(b)(3) action to intervene in the other proceedings." *Zinser*, 253 F.3d at 1191. The Court is unaware of other actions already commenced by members of the proposed class.

### 3. There is No Reason Why the Litigation Should be Concentrated in This Particular Forum

Plaintiff seeks to certify a national class in the Central District of California. However, Plaintiff offers no reason why this litigation should be concentrated in this district. As the Ninth Circuit noted, "where the potential plaintiffs are located across the country and where the witnesses and the particular evidence will also be found across the country, plaintiffs have failed to establish any particular reason why it would be especially efficient for this Court to hear such a massive class action lawsuit." *Zinser*, 253 F.3d at 1191-92 (quoting *Haley v. Medtronic, Inc.,* 169 F.R.D. 643 (N.D. Cal. 1996)).

Defendant Love's points to the fact that Plaintiff seeks to certify a nationwide class involving 200 Love's locations, only one of which is in this district. (Opp'n at p.22.) Further, Love's headquarters is in Oklahoma. Thus, potential class members, witnesses, and evidence are likely to be located across the country, and mostly outside of California

(Id.) Accordingly, this factor also weighs heavily against certification.

### 4. The Difficulties Likely to be Encountered in the Management of the Class Action

Plaintiff argues this factor is satisfied here because the sole question for determination is whether or not Love's *wilfully* violated FACTA, a question common to all class members. However, as the Honorable R. Gary Klausner pointed out in a recent decision denying class certification in a FACTA case identical to the one now before the Court:

> Closer examination indicates that even if the willfulness question is central to this case, it does not give rise to liability independent of individualized factual determinations as to which customers were "consumers" and which obtained "receipts" containing Prohibited Information. Because such individualized questions underlie any determination of Defendants' liability, and liability is the main issue in this case, the main issue requires separate adjudication of each class member's claim and certification is inappropriate under the fourth element of the 23(b)(3) superiority analysis.

*Fredrick Najarian v. AVIS Rent A Car System*, et al., CV 07-588-RGK (Ex) (C.D. Cal June 11, 2007).

The Court finds Judge Klausner's reasoning persuasive and equally applicable to the facts of this case. Thus, this factor also weighs against certification.

### 5. Class Action Would Bring About Undesirable Results

As the Advisory Committee Notes to Rule 23(b)(3) suggest, the Court's determination with respect to class certification should not "bring[ ] about other undesirable results." *See also Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 211 (9th Cir.1975) ("Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.") (quoting Committee Notes). Plaintiff's proposed class action would bring about undesirable results.

### i. The Class Recovery May Violate Defendant's Due Process

*Rights*

The parties focus their arguments on whether the possibility of an inordinate class recovery precludes satisfaction of the superiority requirement. Love's argues that allowing statutory damages between $423 million and $4 billion without proof of actual harm violates principles of due process. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor"). Many courts have accepted this argument. *See* e.g. *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n. 5 (11th Cir. 2003) (class treatment inappropriate where defendant's liability "would be enormous and completely out of proportion to any harm suffered by the plaintiff.") (citing *Kline v. Coldwell Banker & Co.*, 508 F.2d 226 (9th Cir. 1974) (reversing class certification because, among other things, the excessive damages award "would shock the conscience." )).  Love's argues that allowing Plaintiff to put Defendant out of business for an alleged minor infraction is clearly an "undesirable result" that is inconsistent with the goals of Rule 23.  (Opp'n at p.18.)  The Court agrees.

Several courts in this district have recently denied class certification based (in part) on similar arguments.  *See, e.g., Legge v. Nextel Comm., Inc.,* 2004 WL 5235587, at *13 ("[Judicial efficiency] presumably should be balanced against [ ] credible argument that the Class Members have not actually been damaged and that Class Action treatment would lead to an inequitable and absurd result."); *Spikings v. Cost Plus, Inc.*, Case No. CV 06-8125-JFW (AJWx) (C.D. Cal. May 25, 2007) (certification denied not simply because the financial impact on defendants would be ruinous, but rather because of "the disproportionality of a damage award that has little relation to the harm actually suffered by the class, and on the due process concerns attendant upon such an impact." ); *Najarian v. AVIS Rent A Car System, et al.*, CV 07-588-RGK (Ex) (C.D. Cal June 11, 2007) (explaining rationale and collecting cases).  *See also Ratner v. Chemical Bank New Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) (denying class certification where minimum

recovery would be "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant").

These cases are indistinguishable from the case at bar. First, Plaintiff "does *not* seek to quantify or recover actual damages in this case." (Mot. at 11) (emphasis in original). Second, the statutory recovery of $100 to $1000 per violation would result in a class recovery between $423 million and $4 billion against Love's.

The Court believes putting a company out of business for failing to excise the expiration dates from credit card receipts – especially without proof of actual harm, is the type of undesirable result that the Advisory Committee and the Ninth Circuit warned against.[1]

### ii. Certification Would Create Potential for Attorney Abuse of Class Action

As one court in this district noted decades ago, "the plain truth is that in many cases Rule 23(b)(3) is being used as a device for the solicitation of litigation. This is clearly an 'undesirable result' which cannot be tolerated." *Rodriguez v. Family Publications Service, Inc.*, 57 F.R.D. 189, 195 (C.D.Cal. 1972) (quoting *Buford v. American Finance Co.*, 333 F. Supp. 1243, 1251 (N.D.Ga. 1971)); *Spikings*, Case No. CV 06-8125-JFW ("[P]otential for abuse [by attorneys] is an additional reason why maintenance of a class action is not superior to individual actions under FACTA in cases such as this one [where enormous liability could attach in absence of harm].").

This factor is particularly weighty here, as Plaintiff's counsel has been involved in a relatively large number of FACTA cases filed in this District – always seeking to certify a class. *See Najarian v. AVIS Rent A Car System*, et al., CV 07-588-RGK (Ex) (C.D. Cal

---

[1] Plaintiff argues that the United States Supreme Court has expressly held that class actions are available for all causes of action unless Congress expresses a contrary intent, which it has not done with respect to FACTA. *See Califano v. Yamasaki*, 442 U.S. 682 (1979). Plaintiff's argument is unavailing. The Court does not hold that class actions are never proper under FACTA, but that it is improper where the superiority requirement is not met.

June 11, 2007); *Najarian v. Charlotte Russe, Inc.,* No. CV 07-0501-RGK (CTx) (C.D. Cal. June 12, 2007); *Soualian v. Int'l Coffee & Tea LLC*, 2007 U.S. Dist. LEXIS 44208 (C.D. Cal. June 11, 2007); *Torossian v. Vitamin Shoppe*, No. CV 07-0523-ODW (SSx) (C.D. Cal. Aug. 8, 2007). Thus, the potential for attorney abuse of the class action mechanism provides yet another reason for denying certification.

### 6. Individual Actions and Federal Enforcement Provide Superior Alternatives to Class Action

As the Ninth Circuit noted, "[t]he most obvious alternative to a class action is to remit the class members to the institution of individual actions. The 1966 amendments to the civil rules, which expanded their already liberal joinder policy and significantly enlarged the right to intervene under Rule 24 have made this a more realistic possibility than it once was." *Zinser*, 253 F.3d at 1191 (quoting 7A Wright, Miller & Kane, Federal Practice and Procedure § 1779 at 552 (2d ed. 1986)).

As discussed above, section 1681n provides attorneys' fees for successful litigants, ensuring that individual actions by consumers are viable. This, along with the statute's provision for punitive damages, also addresses concerns that Defendants would avoid accountability in the absence of class certification. Accordingly, individual actions for punitive damages, in conjunction with actions for compensatory damages, would adequately compensate injured plaintiffs while imposing sufficient liability on Defendants to create general deterrence.

The adequacy (and superiority) of alternative methods of adjudication "is further enhanced by the statutory provision for federal enforcement, creating additional civil liability for any violations." *Najarian v. Charlotte Russe, Inc.*, No. CV 07-0501-RGK. Accordingly, the Court finds superior alternatives exist for the fair and efficient adjudication of the controversy.

///

///

///

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Class Certification is DENIED.

IT IS SO ORDERED

DATED: December 18, 2007

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE